**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| John Doe, | ) | |
| | ) | |
| *Petitioner* | ) | |
| | ) | |
| v. | ) | Case No. 26-1301 (pending |
| | ) | consolidation with 26-1300) |
| Securities and Exchange Commission, | ) | |
| | ) | |
| *Respondent* | ) | |
| | ) | |

# MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR IDENTIFYING INFORMATION TO BE FILED UNDER SEAL

Petitioner respectfully moves for leave to proceed in this administrative appeal under the pseudonym "John Doe," and to have all filings, captions, and proceedings in this matter refer to Petitioner only as "John Doe (Claimant 1)," consistent with Petitioner's designation in the agency decision under review (Order Determining Whistleblower Award Claim, Release No. 106535, File No. 2026-53), and for all identifying information to be filed under seal. In support of this motion, Petitioner states as follows.

## BACKGROUND

Petitioner submitted information to the U.S. Securities and Exchange Commission ("the Commission") regarding potential securities law violations. The Commission instituted a covered action, accepted a settlement offer from the

violator, and collected funds. After administrative process, the Commission entered a final Order Determining Whistleblower Award Claims ("the Order"). Petitioner now moves to have this Court review the Commission's determination.

Congress has explicitly set forth confidentiality protections for whistleblowers before the Commission. *See* 15 U.S.C. § 78u-6(h)(2)(A). In line with these provisions, the administrative proceeding underlying this Order was confidential. When the Commission published a public version of this Order, it redacted the names of the two Claimants—a practice Petitioner follows here.

## ARGUMENT

This Circuit has acknowledged that whistleblowers may be entitled to proceed anonymously in federal courts, subject to a multi-factor balancing test. *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019). Three principal factors support this outcome here.

First, Congress provided that in the enactment of the statute that the identities of whistleblowers to the Commission should be protected. *See* 15 U.S.C. § 78u-6(h)(2)(A) (providing that "the Commission shall not disclose any information . . . which could reasonably be expected to reveal the identity of a whistleblower"). These provisions, coupled with the statutory prohibitions on retaliation, evince a congressional intent to encourage to encourage whistleblowers to report wrongdoing without fear of reprisal. Requiring whistleblowers to shed

these protections simply to appeal an agency decision stands in contravention of this intent.

Second, allowing Petitioner to proceed under a pseudonym will not interfere with the Commission's ability to respond in this matter. The Commission is well aware of Petitioner's identity and will not be prejudiced by protecting Petitioner's anonymity in public litigation.

Finally, the public's interest in these matters can be vindicated without disclosure of Petitioner's identity. The issues surrounding the Commission's actions can be reviewed and understood without the inclusion of Petitioner's name.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant this motion and:

1. Permit Petitioner to proceed under the pseudonym "John Doe (Claimant 1)" throughout this appeal,
2. Direct that Petitioner's name and identifying information not appear on the Court's public docket or on any publicly available pleading in this case,
3. Order that all filings containing information that could reasonably be expected to reveal petitioner's identity be filed under seal, and
4. Order that within three days after the filing of any document under seal, a redacted copy of the document, prepared in accordance with the

requirements of D.C. Circuit Rule 47.1(d)(1), be electronically filed on the public docket.

Dated: October 30, 2026

Respectfully submitted,

*<u>/s/ Daren H. Firestone</u>*

Daren H. Firestone
Levy Firestone Muse LLP
900 17th Street NW, Ste. 605
Washington, DC 20006
(202) 845-3215
dhf@levyfirestone.com

*Counsel for Petitioner John Doe (Claimant 1)*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 523 words.
2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: October 30, 2026

Respectfully submitted,

*/s/ Daren H. Firestone*

Daren H. Firestone
Levy Firestone Muse LLP
900 17th Street NW, Ste. 605
Washington, DC 20006
(202) 845-3215
dhf@levyfirestone.com

*Counsel for Petitioner John Doe (Claimant 1)*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2026, the foregoing Motion for Leave to Proceed Under Pseudonym and for Identifying Information to be Filed Under Seal was electronically filed with the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system. I further certify that on October 30, 2026, I served the foregoing Motion for Leave to Proceed Under Pseudonym and for Identifying Information to be Filed Under Seal by overnight mail to the following:

Jonathan Carr, Acting Chief
Office of the Whistleblower
U.S. Securities and Exchange Commission
100 F St. NE
Mail Stop 5631
Washington, DC 20549

Office of General Counsel
U.S. Securities and Exchange Commission
100 F St. NE
Washington, DC 20549

*/s/ Daren H. Firestone*
Daren H. Firestone